UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Case No. 06-336 (CKK) |
| | : | |
| v. | : | Status Hearing: January 10, 2007 |
| | : | |
| **LORENZO TURNER and** | : | |
| **NICOLE V. JONES** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

NOTICE OF FILING

    The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the attached plea letter dated, December 26, 2006, be made part of the record in this case.

                                                   Respectfully submitted,
                                                   JEFFREY A. TAYLOR
                                                   UNITED STATES ATTORNEY

                                                   _____
                                                   AARON H. MENDELSOHN
                                                   Assistant United States Attorney
                                                   Bar No. 467-570
                                                   Federal Major Crimes Section
                                                   555 4th Street, N.W. (Room 4239)
                                                   Washington, D.C. 20530
                                                   (202) 514-9519

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I will cause a copy of the foregoing to be served by electronic filing upon the attorney for Defendant Turner, Joanne Vasco, Esquire, this 26th day of December, 2006.

                                                   _____
                                                   Aaron H. Mendelsohn
                                                   Assistant United States Attorney



**U.S. Department of Justice**
United States Attorney
*District of Columbia*

---

*Judiciary Center*

*555 Fourth St. N.W.*
*Washington, D.C. 20530*

December 26, 2006

**VIA ELECTRONIC FILING**
Joanne Vasco, Esq.

Dear Counsel:

     This letter sets forth the entire plea offer to your client from the United States Attorney's Office for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, which is not wired to any other plea offers in this case, please have your client execute this document in the space provided below. This plea offer will expire on Friday, January 5, 2007. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

LORENZO TURNER'S Obligations, Acknowledgments and Waivers:

     1. Your client, Lorenzo Turner, agrees to admit guilt and enter a plea of guilty in United States District Court to Counts 1 and 4 of the United States District Court indictment, namely Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Section 841, and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18, United States Code, Section 924. In addition, your client agrees to plead guilty in the Superior Court for the District of Columbia to one count of Assault with Intent to Commit First Degree Sexual Abuse, in violation of 22 D.C. Code, Sections 401, 3002, in his pending case in the Superior Court for the District of Columbia. (Alternatively, should your client prefer, he could plead guilty to one count of Attempt First Degree Child Sexual Abuse (against the minor victim, B.S.), in violation of 22 D.C. Code, Section 3008, 3018).

     Your client, Lorenzo Turner, understands that, pursuant to 21 U.S.C. Section 841, the charge of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base carries a penalty of imprisonment of not less than five years and not more than forty years, and a fine not to exceed $2,000,000.00), or both, and that the imposition or execution of a minimum sentence required to be imposed under this subsection shall not be suspended or deferred, and a person who violated this subsection shall be fined the reasonable costs of the investigation and prosecution of the offense, except that such a requirement shall not apply and a fine under this section need not be imposed if the court determines under the provision of Title 21 that the defendant lacks the ability to pay. Your client also understands that pursuant to 18 U.S.C. 924, the charge of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense also carries a mandatory minimum term of imprisonment of five years and a maximum sentence of up to life imprisonment. Your client understands that the Superior Court charge of Assault with Intent to Commit First Degree Sexual Abuse carries a penalty of not less than two years nor more than 15 years imprisonment, while the

Superior Court charge of Attempt First Degree Child Sexual Abuse carries a penalty of not more than 15 years imprisonment and a fine not to exceed $125,000. Both offenses require registration as a sexual offender under the Sexual Offender Registration Act, 22 D.C. Code, Section 4001, et. seq.

Your client, Lorenzo Turner, agrees not to oppose the high end of the applicable guideline range for either Assault with Intent to Commit First Degree Sexual Abuse or Attempt First Degree Child Sexual Abuse, depending upon which charge your client agrees to plead guilty to, in accordance with the Superior Court of the District of Columbia Voluntary Sentencing Guidelines. The high end of the applicable guideline range for each of these offenses is 60 months' incarceration, assuming that your client has a Criminal History Score of 1. Your client further agrees not to oppose that the sentences for each offense to which he will plead guilty shall be imposed consecutively to each other and to any other sentence. In addition, your client agrees to pay a special assessment of $100 per felony conviction, where applicable, to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing, and $100 per felony conviction to the Victims of Violent Crime Compensation Fund to the Clerk of the Superior Court for the District of Columbia. Your client further understands that your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range as well as the voluntary sentencing guidelines applicable in the Superior Court for the District of Columbia. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge state above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for 34.3 grams of cocaine base, 22.2 grams of cocaine hydrochloride, and 243.1 grams of marijuana, which quantity represents the total amount involved in your client's relevant criminal conduct.

3. The Government agrees that it will not seek any increases in your client's base offense levels other than those which are agreed to by your client in this agreement. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

4. In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture of any property constituting, or derived from, proceeds obtained, directly, or indirectly, as the result of illegal drug trafficking and/or property used or intended to be used to commit or to facilitate illegal drug trafficking. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

5. Your client, <u>Lorenzo Turner</u>, agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

6. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury ,or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

7. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

8. Your client understands that this Office reserves its full right of allocation for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocation in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocation in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

10. This Office will request that the Court dismiss the remaining counts in the indictment in this case at the time of sentencing. In addition, this Office agrees not to prosecute Lorenzo Turner for any violations of Title 18, United States Code, Section 2251 (Sexual Exploitation of Children), which carries a penalty of imprisonment of not less than fifteen years nor more than thirty years. Moreover, this Office agrees not to indict your client, Lorenzo Turner, in the Superior Court for the District of Columbia on any other offenses arising from the incident on September 24, 2006, involving the complainant E.B. In addition, this Office agrees not to indict your client, Lorenzo Turner, in the Superior Court for the District of Columbia for any sexual offenses involving the minor victim, B.S. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

11. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw the plea of guilty in this case.

General Conditions

12. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

13. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

      14.   There are no other agreements, promises, understandings or undertakings between your client and this Office . Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

                    Sincerely yours,

                    JEFFREY A. TAYLOR
                    UNITED STATES ATTORNEY

                    _____
                    AARON H. MENDELSOHN
                    Assistant United States Attorney
                    Bar No. 467-570
                    Federal Major Crimes Section
                    555 4th Street, N.W. (Room 4239)
                    Washington, D.C. 20530
                    (202) 514-9519

DEFENDANT LORENZO TURNER'S ACCEPTANCE

      I have read this plea agreement and have discussed it with my attorney, Joanne Vasco, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

      I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.


Date:_____               _____
                                      Lorenzo Turner
                                      Defendant

ATTORNEY'S ACKNOWLEDGMENT

      I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.


Date: _____          _____
                                      Joanne Vasco, Esquire
                                      Attorney for Defendant Turner